```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DATASCI, LLC                          *

      Plaintiff            *

          vs.               *   CIVIL ACTION NO. MJG-09-1611

MEDIDATA SOLUTIONS, INC.              *

      Defendant            *

*      *      *      *      *      *      *      *      *

## MEMORANDUM & ORDER RE: AMENDED COMPLAINT

The Court has before it Datasci's Motion for Leave to File an Amended Complaint [Document 47] filed by plaintiff, DataSci LLC ("DataSci") and the materials relating thereto. A hearing has been held and the Court has had the benefit of the arguments of counsel.

## I. BACKGROUND

DataSci is the owner of U.S. Patent No. 6,496,827 ("the '827 patent), which relates to technology used in the collection and validation of clinical trial data. Medidata Solutions, Inc. ("Medidata") is a provider of hosted clinical data systems used by pharmaceutical, medical device, and life sciences companies to facilitate clinical trials.

Datasci and Medidata entered into a patent licensing agreement that relates to Medidata's electronic data collection product known as the Rave system.

DataSci filed its Complaint in this action on June 18, 2009, claiming breach of contract for Medidata's alleged failure to properly mark its products with DataSci's patent information, failure to pay royalties, and failure to provide accurate, truthful and complete royalty reports.  The instant motion to amend the complaint was filed on December 17, 2009.  The proposed Amended Complaint consolidates DataSci's claims for breach of contract and breach of the covenant for good faith and fair dealing, and adds claims for fraud and negligent misrepresentation.  (Pl.'s Mem. Supp. Mot. for Leave to File Amended Compl., Ex. 1.)

II.  <u>LEGAL STANDARD</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Under Rule 15, a Court should liberally grant leave to amend unless there is a showing of prejudice, bad faith, or futility.  <u>See</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999).

III. <u>DISCUSSION</u>

As discussed at the hearing on the instant motion, Medidata contends that the Court should decline to permit the proffered Amended Complaint because it does not adequately plead the fraud claim therein.

Rule 9(b) of the Federal Rules of Civil Procedure requires that an allegation of fraud "must state with particularity the circumstances constituting fraud . . ."  Medidata argues that leave to amend should not be granted because DataSci has failed to plead its fraud claim with sufficient particularity under Rule 9.  (Def.'s Mem. in Opp'n [Document 54] at 7.)

Under Maryland law, in order to state a claim for common law fraud, a plaintiff must plead the following elements: (1) that the defendant made a false representation; (2) that the defendant knew that the representation was false; (3) that the misrepresentation was made for the purpose of deceiving plaintiff; (4) that the plaintiff relied upon the misrepresentation; and (5) that the plaintiff suffered damage directly resulting from the misrepresentation.  <u>See</u> <u>E.F. Hutton Mortgage Corp. v. Equitable Bank, N.A.</u>, 678 F. Supp. 567, 580 (D. Md. 1988).  A claim of fraud must be supported by facts regarding "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  <u>Harrison</u>

3

<u>v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999).

In support of the fraud claim, the proposed Amended Complaint alleges that Medidata failed to disclose that, after entering into the agreement, Rave Remote, a Licensed Data Collection System ("LDCS"), was incorporated in another product, called Rave, and also continued to be used for training purposes.  Thus, DataSci alleges, Medidata's royalty reports were false and misleading and caused DataSci to forbear from taking action to protect its rights under the licensing agreement.

Medidata contends that the allegations in the proposed Amended Complaint are deficient because they do not provide details as to when or where Medidata failed to disclose the information at issue.  (Def.'s Mem. in Opp'n to Mot. for Leave to Amend [Document 54] at 8.)  However, the Court does not agree.  It is apparent that the allegedly fraudulent statements were made in each royalty statement by virtue of the allegedly intentional understatement of Medidata's liability.

IV.  **CONCLUSION**

For the foregoing reasons:

1. The Motion for Leave to File an Amended Complaint [Document 47] is GRANTED.

2. The proffered Amended Complaint is hereby accepted as filed nunc pro tunc to the date of the instant motion.

3. Defendant need not file a response to the Amended Complaint and shall be deemed to have denied all new allegations therein and to have reasserted its Counterclaim.


SO ORDERED on Thursday, March 25, 2010.


                                    /s/
                            Marvin J. Garbis
                  United States District Judge