**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| DATASCI, LLC, <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> MEDIDATA SOLUTIONS, INC., <br><br> Defendant/Counter Plaintiff. | Civil Action No. 09-1611-MJG |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION OF ASTRAZENECA PHARMACEUTICALS LP TO INTERVENE FOR THE PURPOSE OF REQUESTING A PROTECTIVE ORDER**

In an Order dated June 7, 2010, this Court ordered Defendant Medidata Solutions to produce certain documents to the Special Master in the above-captioned case. The documents to be produced relate to a study, referred to as the "PLATO study," conducted by AstraZeneca Pharmaceuticals LP ("AstraZeneca"). Because these documents contain highly confidential information, AstraZeneca seeks to intervene in this case for the purpose of requesting a protective order that adequately protects the confidentiality of the PLATO study documents. AstraZeneca intends to work with the parties and Special Master to ensure that the protective order covering the study documents provides access to the information necessary for resolving the parties' dispute in a manner that adequately protects AstraZeneca's confidential information.

The parties consent to AstraZeneca's intervention in this matter.

## **ARGUMENT**

### **ASTRAZENECA IS ENTITLED TO INTERVENE FOR THE PURPOSE OF REQUESTING A PROTECTIVE ORDER.**

Federal Rule of Civil Procedure 24 sets forth the circumstances under which an applicant for intervention is entitled to intervene either as a matter of right or at the discretion of the district court. Fed. R. Civ. P. 24(a)-(b). AstraZeneca satisfies the requirements for intervention under both provisions.[1]

**A.   AstraZeneca Is Entitled To Intervene As A Matter Of Right.**

Under Federal Rule of Civil Procedure 24(a), a party is entitled to intervene as a matter of right if it satisfies four requirements: (1) "the intervenor must submit a timely motion"; (2) "it must demonstrate a 'direct and substantial interest' in the property or transaction"; (3) "it has to prove that the interest would be impaired if the intervention was not allowed"; and (4) "it must establish that the interest is inadequately represented by existing parties." *First Penn-Pacific Life Ins. Co. v. William R. Evans, Chartered*, 200 F.R.D. 532, 536-37 (D. Md. 2001) (citing *In re Richman,* 104 F.3d 654, 659 (4th Cir. 1997)). AstraZeneca satisfies each of these requirements.

1. AstraZeneca's motion to intervene is timely. Less than three weeks have passed since this Court ordered the PLATO study documents to be produced to the Special Master. *See* Order of June 7, 2010. During that time, AstraZeneca has actively worked to ensure that the parties would adequately protect its confidential information. As part of this effort, on June 18, 2010, AstraZeneca provided the Special Master with a proposal for how AstraZeneca's confidential information should be protected.

---

[1] A motion to intervene typically must be accompanied by a pleading that states the applicant's claim or defense. Fed. R. Civ. P. 24(c). This provision has no applicability where, as here, the applicant does not seek to become a party or to file a pleading that asserts a claim or defense.

2. AstraZeneca has a substantial interest in the property or transaction at issue. When an applicant seeks to intervene for a limited purpose related to a discovery issue, it must demonstrate only that it has a substantial interest in the discovery, not the underlying litigation. *See, e.g., Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). Courts have routinely held that intervention is appropriate where the intervenor has a significant interest in protecting the confidentiality of its information. *See, e.g., United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1291-93 (D.C. Cir. 1980); *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993). There in no dispute that the PLATO study documents are highly confidential. This Court recognized the confidential nature of the documents by ordering *in camera* review of the documents, and by informing the experts reviewing the documents that they "will not disclose or use any information from any of the documents for any purpose other than to facilitate the Court's *in camera* review." Order at 2.

3. AstraZeneca's rights would be impaired if it is not allowed to intervene. This requirement is satisfied when disclosure of a company's confidential business information is at risk. *See, e.g.*, *Armour of Am. v. United States*, 70 Fed. Cl. 240, 245 (2006) ("The loss of trade secrets or other proprietary information . . . undoubtedly constitutes a practical injury."). AstraZeneca would suffer substantial losses if the confidential information from the PLATO study became known to its competitors. (Declaration of Sandy M. Fitt ¶ 4.) As a result, AstraZeneca's rights would be impaired if it is not permitted to intervene for the purpose of requesting an adequate protective order.

4. AstraZeneca's interest in protecting the confidentiality of the PLATO study documents is not adequately protected by the existing parties. To satisfy the adequate-representation requirement, an applicant for intervention has only a "minimal" burden to show

that representation by the existing parties "may be" inadequate. *See Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). Here, the parties' primary interest is to prevail in the litigation. Protecting AstraZeneca's interests are, at best, a secondary concern. Consequently, "there is a significant chance that [the parties] might be less vigorous than" AstraZeneca in protecting the confidentiality of the data. *Teague v. Bakker*, 931 F.2d 259, 262 (4th Cir. 1991); *see also Fund for Animals*, 322 F.3d at 736 (permitting intervention where parties would not give the intervenor's interests "the kind of primacy that the [intervenor] would give them").

> **B.     AstraZeneca Is Also Entitled To Intervene Permissively.**

"[P]ermissive intervention under Rule 24(b)(2) gives the court discretion to grant intervention based upon 'timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common.'" *First Penn-Pacific Life Ins. Co.*, 200 F.R.D. at 536–37 (quoting Fed. R. Civ. P. 24(b)(2). Courts routinely allow permissive intervention for the purpose of challenging a protective order. *See, e.g., AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("We have stated that permissive intervention is the proper method for a nonparty to seek a modification of a protective order."); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (holding "that third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order"); Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, 7C *Federal Practice and Procedure* § 1911 (3d ed. 2010) ("[C]ourts generally have interpreted their discretion under the rule broadly and have held that it can be invoked by nonparties who seek to intervene for the sole purpose of challenging confidentiality orders.").

The Court should permit AstraZeneca to intervene because it has a substantial interest in protecting the confidentiality of its information. (Fitt Decl. ¶¶ 3-4.) Moreover, AstraZeneca's intervention will not unduly delay the litigation because its participation in the case is so limited. Once the Court has resolved the issues related to the production of the PLATO study documents, the litigation will continue with no further involvement from AstraZeneca.

## CONCLUSION

For the foregoing reasons, AstraZeneca's Motion to Intervene should be granted.

Respectfully submitted,

  /s/  George F. Pappas
George F. Pappas
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000

Attorney for AstraZeneca Pharmaceuticals LP