```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


DATASCI, LLC                          *

          Plaintiff                   *

     vs.                              *   CIVIL ACTION NO. MJG-09-1611

MEDIDATA SOLUTIONS, INC.              *

          Defendant                   *

*         *         *         *         *         *         *         *         *
```

MEMORANDUM AND ORDER AFFIRMING
<u>MARCH 15, 2010 ORDER OF MAGISTRATE JUDGE</u>

The Court has before it Plaintiff/Counter-Defendant Datasci, LLC's Objections to the Report and Recommendation Denying Plaintiff's Motion to Compel Interrogatory Responses [Document 102] and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary.

Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that Magistrate Judge Bredar's Order of March 15, 2010 [Document 85] provided that Defendant did not have to comply with Interrogatory 13 with regard to training by Defendant or its customers that occurred prior to January 1, 2007.

The Magistrate Judge held that any claim for infringement occurring prior to January 1, 2007 had been settled by payment of a $2,200,000 licensing fee. The parties' agreement provided:

> Payment of this License fee shall constitute a complete settlement of all claims of past infringement of the Licensed Patent with respect to revenue received by Medidata on or before December 31, 2006, from its use and sale of the Rave Remote™ system.

The Magistrate Judge noted that Plaintiff "argues that, regardless of when the training occurred, DataSci is entitled to royalties based on revenues earned for the study in which the training took place."

The Magistrate Judge stated:

> The [Magistrate Judge] concludes that DataSci's argument is foreclosed by the agreement between the parties. Any revenues earned by Medidata on or before December 31, 2006, are dealt with in provision 3.01 where DataSci agreed to settle all of its claims against Medidata regarding those revenues for a lump-sum payment. Any revenues earned by Medidata on or after January 1, 2007, are addressed in provision 3.02, in which the parties agreed to certain formulas to calculate royalties due to DataSci. Thus, only training that has occurred from January 1, 2007, forward is properly a subject of Interrogatory Number 13.

The Court agrees with the Magistrate Judge. The Court does not find at all persuasive Plaintiff's argument that any infringing activity occurring in pre-2007 training for a project renders somehow "taints" the project.

2

The Magistrate Judge appropriately rejected Plaintiff's contention based on a "hoped for" addition of a fraud inducement claim.  Plaintiff's hope to file a Second Amended Complaint has not been realized and does not justify the discovery sought.  Nor does the addition of a sentence in the Amended Complaint warrant any re-opening or expansion of discovery.

Accordingly:

1. Plaintiff Datasci, LLC's Objections to the Report and Recommendation Denying Plaintiff's Motion to Compel Interrogatory Responses are OVERRULED.

2. The Magistrate Judge's Order of March 15, 2010 [Document 85] is hereby affirmed and adopted as an Order of this Court.

SO ORDERED, on <u>Friday, June 25, 2010</u>.


                                    <u>          /s/           </u>
                                      Marvin J. Garbis
                                   United States District Judge