IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
DATASCI, LLC                       *

         Plaintiff                 *

     vs.                           *   CIVIL ACTION NO. MJG-09-1611

MEDIDATA SOLUTIONS, INC.           *

         Defendant                 *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER AFFIRMING
<u>APRIL 28, 2010 ORDER OF MAGISTRATE JUDGE</u>

The Court has before it Plaintiff/Counter-Defendant Datasci, LLC's Objections to the Order Denying its Motion to Produce Witnesses for Deposition and to Produce Documents and Granting Medidata's Motion for a Protective Order [Document 128] and Medidata's Memorandum in Opposition [Document 140] to which Plaintiff Datasci did not reply. The Court finds that a hearing is unnecessary.

The Magistrate Judge's Order of April 28, 2010 [Document 125] granted Defendant's motion for a Protective Order prohibiting the deposition of Michael Otner, Esquire, and denied Plaintiff's motion seeking to compel the production of certain documents and a Rule 30(b)(6) deposition.

The Magistrate Judge's Order at issue was provided with regard to referred discovery motions. Pursuant to Rule 72(a) of

the Federal Rules of Civil Procedure the Court "shall modify or set aside any portion of [a Magistrate Judge's] order [on a non-dispositive motion] found to be clearly erroneous or contrary to law." Discovery motions are quintessential non-dispositive motions. Moreover, the district court should normally give great deference to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes.

In this case, the Court finds no reason to change the Order issued by the Magistrate Judge. Moreover, inasmuch as Plaintiff found no reason to file a reply to Defendant's persuasive opposition to the motion, the Court finds no reason for a detailed discussion herein.

In the instant Order, the Magistrate Judge made judgment calls on issues that are inherently debatable.

The Court is not going to "second guess" the Magistrate Judge's decision to prohibit the Otner deposition in the context of the case, including the opportunities Plaintiff had to obtain the sought-after information from other sources. The Court will note, without comment, Plaintiff's position – unsupported by authority – that when Otner wrote a letter to Plaintiff's counsel stating Defendant's legal positions, he essentially completely waived the attorney client privilege as to otherwise privileged communications relating to those legal positions.

The Court does not find erroneous, much less clearly

erroneous, the Magistrate Judge's exercise of judgment to deny the production of requested Amgen-related documents and to deny Plaintiff an addition Rule 30 (b)(6) deposition.

In sum, the Court finds no reason to change the conclusions, or to supplement the discussion beyond the few comments herein, of the Magistrate Judge's Order at issue.

For the foregoing reasons:

1. Plaintiff/Counter-Defendant DataSci, LLC's Objections to the Order Denying its Motion to Produce Witnesses for Deposition and to Produce Documents and Granting Medidata's Motion for a Protective Order [Document 128] are OVERRULED.

2. The Court adopts the Magistrate Judge's Order of April 28, 2010 [Document 125] as the Order of this Court.


SO ORDERED, on Friday, June 25, 2010.


                                               /s/\
                                          Marvin J. Garbis\
                                United States District Judge