

8484 Westpark Drive
Suite 900
McLean, VA 22102
703-744-8000
_____

Facsimile 703-744-8001

www.pattonboggs.com

October 27, 2010

Kevin M. Bell
(703) 744-8065
kbell@pattonboggs.com

Practice Limited To Matters
Before Federal Courts

**VIA ELECTRONIC FILING**

Honorable Marvin J. Garbis
U.S. District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:   *Datasci, LLC v. Medidata Solutions, Inc.*
      Civil Action No. 09-1611 (MJG)

Dear Judge Garbis:

Plaintiff Datasci, LLC submits this letter in response to defendant Medidata Solutions, Inc.'s motion for leave to file a surreply on DataSci's cross motion for partial summary judgment. Medidata has improperly attached a copy of the very document they seek leave of Court to file.

DataSci's reply did not raise any new issues that Medidata could not have addressed in Medidata's opposition to the cross motion. Because Datasci raised no new issues in its reply there is no reason why Medidata has to use a surreply to address issues that should have been addressed earlier. Moreover, a review of the substance of the surreply discloses that Medidata is using it to raise new issues. For example, Medidata's surreply raises for the first time an argument that Medidata's internal documents do not show that Rave Remote is a component of Rave and thus a LDCS. DataSci's opposition and cross motion had clearly argued that "Medidata's own confidential documents obtained during discovery establish that Rave Remote is a component of Rave and thus Rave is, by definition, a LDCS." (DataSci's Opp. to Medidata's Mot. for Part. Summ. J. and in Support of Cross Mot. at 27 & Exs. 19-22, 24, 27). Medidata had the opportunity to address this issue in its reply in support of its summary judgment motion and in opposition to DataSci's cross motion. Medidata did not. Further, the proposed surreply is not supported by any **evidence** disputing DataSci's argument. Medidata's third argument in the proposed surreply relating to the interpretation of the



The Honorable Marvin J. Garbis
October 27, 2010
Page 2

Agreement is nothing more than a restated version of Medidata's reply memorandum. As such, the motion for leave should be denied.

If the Court were to consider the surreply, DataSci would request the opportunity to file a brief response. Medidata argues – truly for the first time – that paragraph 5.02(e) immunizes all versions of Rave in existence at the time the parties entered into the Agreement. Moreover, Medidata asserts (again without any evidence) that DataSci had the opportunity to review any versions of Rave before entering into the Agreement. There is, however, no evidence that Medidata informed or suggested to DataSci that there were other versions of Rave, and Medidata certainly did not make other versions of Rave available for inspection during the negotiation of the Agreement, despite the fact that DataSci now knows at least two other versions were validated before the Agreement was executed, including one approximately three weeks after DataSci's consultant visited Medidata.

Respectfully submitted,

/s/ Kevin M. Bell

Kevin M. Bell
Counsel for Plaintiff, Datasci, LLC

cc:   Counsel of record (via the Court's electronic filing system)

5128929