

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**101 W. LOMBARD STREET**
**BALTIMORE, MARYLAND  21201**

Chambers of
**Hon. Marvin J. Garbis**
United States District Judge
410-962-7700

March 14, 2011

ALL COUNSEL OF RECORD

Re: <u>DataSci v. Medidata, MJG-09-1611</u>

Dear Counsel:

I have reviewed the materials presented in regard to the March 22 hearing.  It appears most efficient for me to preside (either together with Magistrate Judge Grimm or separately) so as to most expeditiously proceed toward resolution of the issues presented and, ultimately of the case.

I note that Professor Day has, as requested by Plaintiff, presented a list of documents[1] that he says "suggest study-specific customization by Medidata of its RAVE product."  However, in advance of the hearing, it will be most beneficial for him to provide a list of such documents, if any, that he contends would be relevant to determining that there was customization relating to the remote verification of data.

Dr. Day refers to "implementation documents prescribed by Medidata's Edge methodology that appear not to have been produced." It will be beneficial to explore this matter in such detail as may be necessary to determine what steps, if any, to take in regard to this matter.  Therefore, Dr. Day should be prepared to address the subject; Defendant should be prepared to ask him about the subject and to address any issues raised.

Defendant presents examples of documents included in Dr. Day's listing that, it contends, illustrate an "astonishing" irrelevance to the case.  Of course, it is possible that Defendant did not engage in a random sampling.  In any event, Defendant did present examples

---

1 Referred to as sixty-six documents by Dr. Day and 100,000 pages by Defendant.

COUNSEL OF RECORD
DataSci v. MediData
Page No. 2

of documents whose relevance does not "leap off the page."  Of
course, even if Defendant can select examples of "astonishing
irrelevance," this would not foreclose the possibility that there
are, perfectly relevant documents in Day's listing.  Therefore, it
will be beneficial for Dr. Day to submit for in camera review the
two documents that he contends are most relevant to the instant
litigation.

        Intervenor AstraZeneca has, regretfully, been required to
participate in this proceeding.  It justifiably seeks to protect its
proprietary information.  However, in regard to the ZEAL study
documents at issue, it may be exhibiting a bit too much zeal.  If,
and to the extent that, the Court may decide that Plaintiff can have
access to certain documents, redaction may satisfy AstraZeneca's
needs.  To use one of Defendant's example documents to illustrate
the point for academic purposes, if Plaintiff could show that In
Camera Exhibit H were discoverable, there would appear to be little
redaction necessary.  It will be beneficial for AstraZeneca to
provide, for in camera review and, possibly, for discussion at the
hearing, a proposed redacted version of Exhibit H.[2]

        Accordingly, by Noon on Friday, March 18:

        1.  Dr. Day shall provide a list of documents that he
            contends would be relevant to determining that there
            was customization relating to the remote
            verification of data.

        2.  Dr. Day shall submit, for in camera review, the two
            documents on his list most relevant to the instant
            case.

_____

2 The Court is providing a copy of In Camera Exhibit H to
AstraZeneca's counsel herewith.

COUNSEL OF RECORD
DataSci v. MediData
Page No. 3

       3.  AstraZeneca shall submit, for in camera review, a
copy of In Camera Exhibit H redacted so that it may
be provided to Plaintiff's counsel.

Although in letter form, this document constitutes an Order of

the Court.

Yours truly,

_____/s/_____
Marvin J. Garbis
United States District Judge